UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA D. DOWLING,<br><br>               Petitioner,<br><br>     -against-<br><br>UBER,<br><br>               Respondent. | 26-CV-4159 (GBD)<br><br>ORDER OF DISMISSAL |

GEORGE B. DANIELS, United States District Judge:

Plaintiff Angela D. Dowling, also known as Angela Perez or Angela Perez Dowling, brings this *pro se* action against Defendant Uber.[1]  By order dated June 2, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (Order Granting IFP Application, ECF No. 5).  This Court dismisses the complaint.

**STANDARD OF REVIEW**

This Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  This Court must also dismiss a complaint when it lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

---

[1] Although Dowling refers to herself as "Petitioner" and to Uber as "Respondent," this Court will refer to them here as "Plaintiff" and "Defendant," respectively.

474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings her claims using this Court's general complaint form. She invokes neither this Court's federal question jurisdiction nor its diversity of citizenship jurisdiction. In the space on the form to indicate the jurisdictional basis of her claims, Plaintiff writes "0 Zero Nature of Suit," a phrase that is written throughout the complaint, including in the margins. (Complaint, ECF No. 1, at 2.) Plaintiff alleges:[2]

1. Freeze my app to work
2. Account on Hold cant work 6 years
3. App issue on phone cant logo on to work
4. issues Help
5. Report iss[ues] (trouble)
6. Car issues corp. account rental [illegible] uber[.] Car issue renal car then uber corp account, on file issue app.

(*Id.* at 5–6.)

In the section of the complaint form to state the relief she seeks, Plaintiff writes, "Forward notice petition[.] 0 zero nature suit." (*Id.* at 6.)

## PLAINTIFF'S COMPLAINT IS DISMISSED

### A.    Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *see also*

---

[2] This Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474–75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324–35. The complaint is largely incomprehensible. This Court is unable to identify (1) any legal basis for Plaintiff's claims against Defendant, or (2) any legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. This Court therefore dismisses the complaint as frivolous.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## B.    Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to

---

[3] This Court notes that, by order dated May 26, 2026, Judge Louis L. Stanton recounted Plaintiff's history of filing non-meritorious *pro se* civil actions in this court and directed her to show cause why the court should not bar her from filing further civil actions in this court IFP without first obtaining the court's permission. *Perez v. U.S. Treasury Inspector Gen.*, No. 1:26-cv-04161 (S.D.N.Y. May 26, 2026), ECF No. 5.

certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading).   Because the defects in Plaintiff's complaint cannot be cured with an amendment, this Court declines to grant Plaintiff leave to amend.

## CONCLUSION

This Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. U.S.*, 369 U.S. 438, 444-45 (1962).

This Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    **JUN 1 0 2026**
New York, New York

_____
GEORGE B. DANIELS
United States District Judge

4